UNITED STATES DISTRICT COURT
DISTRICT COURT OF RHODE ISLAND

ROBERT RAINVILLE

V.                                                                                    C.A. NO. 13-784 M

ALEX AND ANI LLC, ALEX AND ANI
RETAIL, LLC, ALEX AND ANI EMPLOYEE
INCENTIVES HOLDINGS, LLC ET AL.

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

Defendants Alex and Ani, LLC, Alex and Ani Retail, LLC and Alex and Ani Employee Incentives Holdings, LLC submit this memorandum of law in support of their motion to dismiss pursuant to Rule 12(b)(1) of Federal Rules of Civil Procedure on the ground that this court lacks subject matter jurisdiction over this matter.

FACTS

Plaintiff brings this action for breach of an alleged contract, which does not exist, and for wrongful termination.  His allegations of wrongful termination are based on alleged complaints that he made while employed at Alex and Ani about performing legal work for officers and directors of a private company, and about the existence at the company of a hostile work environment.  There is no record that Plaintiff ever made any such complaints, and there is certainly no record of the existence of a hostile work environment.  Moreover, while Plaintiff was hired as General Counsel on March 14, 2011 as he alleges, he fails to acknowledge that he resigned all positions with Alex and Ani on December 7, 2012 to address certain personal issues.

See resignation letter, attached as Exhibit A.  He returned as an employee in February 2013, but as Senior Vice President of University Relations, not as General Counsel.

In paragraph 5 of the Complaint, plaintiff asserts that the jurisdiction of this court is proper pursuant to 28 U.S.C. § 1332 on the grounds of diversity of citizenship.  Plaintiff further alleges that he is a resident of the city of Cranston, Rhode Island and that defendants Alex and Ani, LLC, Alex and Ani Retail, LLC and Alex and Ani Employee Incentives Holdings, LLC are "foreign corporations, organized and existing under the laws of the State of Delaware and is duly authorized to conduct business within the State of Rhode Island."[1]

Each of the defendants is, as indicated by the corporate title, a limited liability company.  Plaintiffs have failed, however, to allege the citizenship of the members of each of the defendant limited liability companies.  As set forth in the accompanying Affidavit of Suzanne Kelly, General Counsel of the defendants, defendant Alex and Ani, LLC is a Rhode Island limited liability company that is owned by A & A Shareholding Co., LLC, a Delaware limited liability company.  The members of A & A Shareholding Co. LLC, are Carolyn Rafaelian, a citizen of Rhode Island, Alex and Ani Pledge Co, a Rhode Island Corporation, and JH A&A Investors LLC, a Delaware limited liability company.  See Affidavit of Suzanne Kelly, attached hereto as Exhibit B, at paragraph 3.[2]

---

[1] As demonstrated below, although the state in which a limited liability company is organized is irrelevant to the issue of diversity jurisdiction, Plaintiff has incorrectly alleged the state in which two of the three LLCs at issue were organized.

[2] Under a factual attack on subject matter jurisdiction as is presented here, the Court is not confined to the allegations of the complaint.  Rather, it can consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction.  Emrit v. American Society of Composers, Authors and Publishers, 2013 WL 4094387 *1 (D.R.I.).  In the end, plaintiff carries the burden of showing that the court has jurisdiction of his complaint.  Mercy v. United States, 45 F.3d 520 (1st Cir. 1995).

Kelly further states that Alex and Ani Retail, LLC is also a Rhode Island limited liability company. It is owned by Alex and Ani, LLC, also a Rhode Island limited liability company. As stated in paragraph 3 above, Alex and Ani, LLC is owned by A&A Shareholding Co., LLC, a Delaware limited liability company, the members of which are: Carolyn Rafaelian, a citizen of Rhode Island, Alex and Ani Pledge Co, a Rhode Island Corporation and JH A&A Investors, LLC a Delaware limited liability company. See Exhibit B, at paragraph 4.

Finally, Kelly states that defendant Alex and Ani Employee Incentives Holdings LLC is a Delaware limited liability company. It is owned by A&A Shareholding Co., LLC, a Delaware limited liability company, which is in turn owned by Alex and Ani Pledge Co., a Rhode Island corporation, Carolyn Rafaelian, a Rhode Island citizen, and JH A&A Investors, LLC, a Delaware limited liability company. See Exhibit B, at paragraph 5.

ARGUMENT

THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS MATTER

Plaintiff incorrectly alleges that this Court has diversity jurisdiction over this case. See 28 U.S.C. § 1332. A party premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations of complete diversity. See Fed. Rules of Civil Proc. 8(a)(1).

Plaintiff has failed to do so here and has erroneously applied the test for citizenship of a corporation as the proper test for citizenship of a limited liability company. For diversity purposes, a corporation is a citizen of the state(s) of its incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332 (c)(1). The citizenship of a limited liability company, on the other hand, is NOT the state in which it is organized or has its principal place of business, but rather each of the states in which it has members. "Limited liability

3

companies are unincorporated entities.  The citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members." Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)).  The court noted that "every circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all of its members." Id.   Since a limited liability company is deemed to have the citizenship of each of its members, a complaint must allege the citizenship of each member of defendant limited liability companies.  Plaintiff has not done so here.

      Moreover, a case grounded in diversity jurisdiction must have complete diversity of citizenship.  "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff in the same state as a single defendant deprives the district court of original diversity jurisdiction over the entire action." ExxonMobil Corporation v. Allapattah Services, Inc., 545 U.S. 546, 553 125 S.Ct.  2611 (2005).  As demonstrated above and in the Kelly Affidavit, each of the defendant limited liability companies has at least one Rhode Island citizen as a member.  Therefore, there is not complete diversity among the parties and this Court lacks subject matter jurisdiction over this matter.

CONCLUSION

For the foregoing reasons, Defendants respectfully request that the court grant its motion to dismiss in its entirety, along with such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | Defendants,<br>ALEX AND ANI LLC, ALEX AND ANI RETAIL, LLC, ALEX AND ANI EMPLOYEE INCENTIVES HOLDINGS, LLC ET AL |
|  | By Their Attorney, |
|  | /s/ Neal J. McNamara<br>Neal J. McNamara (#4249)<br>NIXON PEABODY LLP<br>One Citizens Plaza, 5th Floor<br>Providence, RI 02903<br>Tel: (401) 454-1000<br>Fax: (401) 454-1030 |
| Dated: December 26, 2013 | nmcnamara@nixonpeabody.com |

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within Memorandum in Support of Defendants' Motion to Dismiss was served via the Court's CM/ECF filing system to counsel listed below this 26th day of December, 2013.

Thomas A. Tarro, III, Esq.
Tarro & Marotti Law Firm, LLC
300 Centerville Road, Summit East, Suite 330
Warwick, RI 02886

/s/ Neal J. McNamara

14770439.1